IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TONY ARAMBULA,

    Petitioner,

v.                                                     Civil Action No. 3:10cv03

COMMONWEALTH OF VIRGINIA,

    Respondent.

## MEMORANDUM OPINION

Tony Arambula, a Virginia prisoner proceeding *pro se*, filed this 28 U.S.C. § 2254 petition ("§ 2254 petition"). Arambula challenges his convictions, in the Circuit Court for the City of Virginia Beach ("the Circuit Court"), of three counts of failure to register as a violent sex offender, second or subsequent offense. Respondent filed a Rule 5 Answer and Motion to Dismiss (Docket Nos. 4, 5) and provided Arambula with appropriate *Roseboro* notice (Docket No. 7).[1] Respondent moves to dismiss on the ground that Arambula has failed to exhaust his state court remedies. (Br. Supp. Resp't's Mot. Dismiss ¶¶ 3-4.) (Docket No. 6.) Petitioner has filed a response. (Docket No. 12.) The matter is ripe for disposition.

### I. Procedural History

On November 26, 2007, a jury found Arambula guilty of three counts of failure to register as a violent sex offender, second or subsequent offense. By final order entered on November 30, 2007, the Circuit Court sentenced Arambula to one year of imprisonment for each count. Arambula appealed his convictions. On direct appeal to the Supreme Court of Virginia,

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

Arambula argued only that the evidence was insufficient to support his convictions. On April 30, 2009, the Supreme Court of Virginia refused Arambula's petition for appeal.

Arambula did not file a petition for a writ of habeas corpus in state court.

On December 30, 2009, the Court received Arambula's § 2254 petition. In his § 2254 petition, Arambula contends that he is entitled to relief upon the following grounds, which are restated verbatim below:

> Claim 1     Violation of U.S. Constitutional 14th Amendment "Due Process of Law"
> On June 21, 2007 at a preliminary hearing months before my conviction. My constitutional right(s) to enter a "not guilty" plea, to quash an indictment, or the opportunity of receiving a fair trial were violated. When Mr. Sean C. Yacobi, public defender, without my knowledge or consent entered guilty pleas to (3) felony counts against me. Ms. Katherine E. Orsini, prosecuter, without valid grounds accepted and took the guilty pleas to a grand jury. Where on July 9, 2007 an indictment was issued under the false pretenses that I pled guilty. The actions of the defense and prosecution counselors should constitute as unlawful procedure and unconstitutional under the 14TH Amendment. A law that guarantees procedural fairness.
>
> Claim 2     Violation of U. S. Constitutional 14TH Amendment "Due Process of Law"
> On August 9, 2007 after repeatedly informing Mr. Sean C. Yacobi, public defender, of my decision to be tried by a jury. Mr. Yacobi violated my right to choose the method of trial. When he without my knowledge or consent or a signed waiver that I waived my right to be tried by a jury, scheduled a "bench trial". On September 18, 2007 when I refused to testify without a jury present my bond was revoked and I was remanded to jail on the notion that I was impeding court proceedings. The actions of Mr. Yacobi should constitute as unlawful procedure and unconstitutional under the 14TH Amendment.
>
> Claim 3     Violation of U.S. Constitutional 6TH Amendment "Effective Assistance of Counsel"
> Throughout the proceedings in my case Mr. Sean C. Yacobi, public defender, continued to render inadequate legal assistance by: (1) entering guilty pleas to 3 felony counts without my consent on June 21, 2007 (2) scheduling a bench trial after repeatedly requesting for a jury trial on

|  | August 9, 2007 (3) filing a frivolous motion to continue for the sole purpose to subpoena witnesses on Octerber 31, 2007. When I finally received a jury trial after my rights were violated, not (1) single witness was subpoenaed for trial. Mr. Yacobi deprived me of having a fair trial by failing to function as the kind of counsel guaranteed by the 6TH Amendment. |
|---|---|
| Claim 4 | Violation of U. S. Constitutional 14TH Amendment "Due Process of Law" Throughout my court proceedings Commonwealth's Attorney Ms. Katherine E. Orsini exhibited prosecutiorial misconduct by: (1) accepting guilty pleas without factual basis (I.E. verbal confession or a signed waiver) because of constitutional considerations Ms. Orsini should have determined that a factual basis for the pleas exsisted and that I the defendant was aware of the rights I was giving by pleaing guilty on the record and in open court. (2) schuduling a bench trial without a signed waiver that I waived my right to be tried by a jury. These unconstitutional misconducts directly contributed to the denial of a fair trial, my bond being revoked and eventually assisted in the conviction of the crimes that I am innocent of. The actions of Ms. Orsini should constitute as unlawful procedure and unconstitutional under the 14TH Amendment. |
| Claim 5 | Violation of U.S. Constitutional 14TH Amendment "Due Process of Law" On June 21, 2007 at a preliminary hearing, a court of the Commonwealth of Virginia neglected to validate the pleas of guilty without an admission of guilt. When the court accepted pleas of guilty without directly inquiring whether I understood the nature of the charges against me and whether I voluntarily and knowingly entered the pleas of guilty in open court and on the record. Directly effecting the July 9, 2007 grand jury's decision to issue an indictment under the false pretenses that I pled guilty to (3) felony counts against me. The court also erred by dening me the motion to quash the indictment. And on October 29, 2007 I requested that Mr. Yacobi remove himself as my defense counselor so that I may represent myself (PRO SE). My constitutional right to self-representation was denied by a court of Virginia, a violation of the 14TH Amendment. |

(§ 2254 petition 6-12.)

## II. Analysis

State exhaustion "'is rooted in considerations of federal-state comity,'" and in

Congressional determination via federal habeas laws "that exhaustion of adequate state remedies

3

will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (*quoting Preiser v. Rodriguez*, 411 U.S. 475, 491-92 & n.10 (1973)). The purpose of the exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize "all available state remedies before he can apply for federal habeas relief." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (*citing Matthews v. Evatt*, 105 F.3d 907, 910–11 (4th Cir. 1997)). Under this aspect of exhaustion, a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Lack of exhaustion precludes federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . .").

The second aspect of exhaustion requires a petitioner to have offered the state's courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (*quoting Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)).

Here, Arambula has not presented any of his claims for federal habeas relief to the Supreme Court of Virginia. Furthermore, Arambula has not satisfied the first aspect of

exhaustion because he can still file a petition for a writ of habeas corpus with the state courts.[2] See Va. Code 8.01-654 (West 2010). Because Arambula has failed to exhaust his available state remedies, his § 2254 petition will be DENIED WITHOUT PREJUDICE to refiling after he has exhausted his state court remedies.

### III. Conclusion

For the foregoing reasons, Respondent's motion to dismiss will be GRANTED. (Docket No. 4.) The § 2254 petition (Docket No. 1) will be DENIED WITHOUT PREJUDICE. The action will be DISMISSED WITHOUT PREJUDICE. An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or

---

[2] In light of Virginia's statute of limitations for a petition for a writ of habeas corpus, Arambula, however, must file any state petition for a writ of habeas corpus on an urgent basis. *See* Va. Code § 8.01-654(A)(2) (West 2010) ("A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.").

5

evidence suggests that Arambula is entitled to further consideration in this matter. A certificate of appealability is therefore DENIED.

An appropriate Order shall issue.

/s/ M. Hannah Lauck
United States Magistrate Judge

Date: 4-12-10
Richmond, Virginia