IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TONY ARAMBULA,

    Petitioner,

v.                                                                                              Civil Action No. 3:10cv03

COMMONWEALTH OF VIRGINIA,

    Respondent.

## MEMORANDUM OPINION

Tony Arambula, proceeding *pro se*, filed a 28 U.S.C. § 2254 petition ("§ 2254 petition"), challenging his convictions in the Circuit Court for the City of Virginia Beach. By April 12, 2010 Memorandum Opinion and Order (Docket Nos. 11, 12), this Court denied without prejudice Arambula's § 2254 petition and dismissed without prejudice this action for failure to exhaust his state court remedies. On March 18, 2011, this Court received a letter from Arambula, stating that he has now exhausted all state court remedies in Virginia and requesting that the Court reinstate his § 2254 petition. (Docket No. 16.) This Court liberally construes this letter to be a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b), requesting this Court to reconsider its April 12, 2010 Order. For the reasons that follow, the Court will DENY Arambula's Motion to Reconsider.

### I. Applicable Law and Analysis

Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding. It is an extraordinary remedy requiring a showing of extraordinary circumstances. *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). The party seeking relief

under Rule 60(b) must cross the "initial threshold," showing "'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Id.* (*quoting Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). Once the movant has satisfied these requirements, he or she must then satisfy at least one of the six grounds for relief provided in Rule 60(b).

Here, Arambula does not raise any of the six grounds for relief provided in Rule 60(b) and does not even suggest error in this Court's April 12, 2010 Order. Arambula also does not identify any authority that would allow this Court to reinstate his § 2254 petition. Thus, the Court will DENY Arambula's Motion to Reconsider. The Court ADVISES Arambula that if he wishes to proceed pursuant to § 2254, he must file a new § 2254 petition.

## II. Certificate of Appealability

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Arambula is entitled to further consideration with respect to decisions entered by the Court. A certificate of appealability will be DENIED.

## III. Conclusion

For the foregoing reasons, the Court will DENY Arambula's Motion to Reconsider. (Docket No. 16.) The Court will also DENY a certificate of appealability.

An appropriate Order will issue.

/s/ M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 4-4-11